IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERTA STRAND,

                Plaintiff,

       v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

                Defendant.

**Civ. No. 6:13-cv-01374-MC**

**OPINION AND ORDER**

---

MCSHANE, Judge:

Plaintiff Roberta Strand brings this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-433. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff seeks an Order reversing the decision of the Commissioner and remanding the action to the Social Security Administration for an award of benefits.

For the following reasons, the Commissioner's decision is **AFFIRMED**.

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff, Ms. Roberta Strand, filed an application for DIB benefits on 11/9/2009, alleging disability starting 10/29/2009. (Tr. 49). The claim was denied, after which Plaintiff requested a hearing before an administrative law judge (ALJ) of the Social Security Administration. The hearing was held on 10/4/2011 (Tr. 28-48, 60-61). The ALJ issued a decision on 10/20/2011, finding Plaintiff not disabled. (Tr. 13-27). Plaintiff timely requested the Appeals Council to review the ALJ's decision, but the request was denied via letter dated 6/8/2013. (Tr. 1-6). This action resulted in the ALJ's 10/20/2011 decision becoming the final order of the agency from which Plaintiff now appeals to this Court. Plaintiff alleges disability beginning 10/29/2009 based on a combination of impairments, including rheumatoid arthritis, carpal tunnel syndrome, arthritis, and depression (Tr. 18, 231, 233, and 141-146). Due to these impairments, Plaintiff has suffered from pain in her hands, wrists, hips, feet, and knees. [#14 at pp. 2-3].

## STANDARD OF REVIEW

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months" 42 U.S.C. § 423 (d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Commissioner*, 648 F.3d 721, 724 (9th Cir. 2011). The five steps proceed as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

2 – OPINION AND ORDER

3. Does the impairment "meet or equal" one or more of the specific impairments described in 20 C.F.R. Pt. 404, Subpart. P, App. 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof for the first four steps in the process. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); see also *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The Commissioner bears the burden of proof at step five of the process, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); see also 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, then the claimant is disabled. If, however, the Commissioner proves that the claimant is able to perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d at 953-54.

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

3 – OPINION AND ORDER

# DISCUSSION

The plaintiff argues that the Commissioner's final decision was not supported by substantial evidence. [#14 at p. 16].  Specifically, the plaintiff argues there were three errors:

1.  The ALJ overlooked or mischaracterized the third-party statements made by the plaintiff's daughter Amie Casarez. [#14 at pp. 5-11 and #20 at pp. 1-2].

2.  The ALJ failed to find severe mental impairments. [#14 at pp. 11-13 and #20 at p. 2].

3.  The Appeals Counsel failed to consider the opinion of Dr. Harmon as new and material evidence requiring a remand. [#14 at pp. 14-16 and #20 at p. 2].


## 1.  Third-Party Statements of Amie Casarez:

Ms. Amie Casarez, the Plaintiff's daughter, completed a third-party function report in December 2009, outlining her observations of her mother's ailments pertaining to daily activities. These observation included the plaintiff's difficulty sleeping, problems with self-care, completing basic physical tasks in a timely manner, depression, lack of motivation, inability to sit for extended periods of time, needing to rest for at least 20 minutes after walking, and difficulties handling stress and social situations. (Tr. 139-146, and summarized in [#14 at p. 8]).

The Plaintiff argues that the ALJ overlooked or mischaracterized these third-party statements made by Ms. Casarez. [#14 at pp. 5-11 and #20 at pp. 1-2]._Specifically, Plaintiff claims that "the RFC contains no absenteeism or scheduling limitations to account for plaintiff's problems sleeping, contains no social limitations accounting for plaintiff's social withdrawal or difficulties self-grooming, and includes exertional and physical capabilities exceeding the physical difficulties Casarez described." [#14 at p. 8].  Plaintiff claims that these omissions led to the ALJ presenting the Vocational Expert (VE) a materially incomplete hypothetical that failed to account for all of the Plaintiff's limitations, creating a harmful error.  [#14 at p. 11].

4 – OPINION AND ORDER

The Commissioner argues that the ALJ reasonably evaluated Amy Casarez's statements and considered them when evaluating the Plaintiff's limitations in the RFC. [#19 at pp. 7-9]. The Commissioner further argues the ALJ's interpretations of Ms. Casarez's statements were reasonable and susceptible to more than one rational interpretation, of which one interpretation sufficiently supported the ALJ's decision of *non* disability. [#19 at p. 8].

Specifically, the Commissioner asserts that the ALJ did in fact account for Ms. Casarez's statements regarding Plaintiff's limitations in physical activities affected by Plaintiff's severe arthritis, carpal tunnel syndrome, asthma, and hip, foot, hand, and wrist pain (Tr. 21, 144). [#19 at pp. 7-8]. The Commissioner also asserts that the ALJ interpreted these statements to mean that despite these ailments and pain, the Plaintiff was in fact "able to engage in activities such as simple meal preparation, light housework, shopping, and visiting others (Tr. 21, 141)," and that the Plaintiff was able to lead an "active life" (Tr. 21). [#19 at p. 7].

A court must uphold the ALJ's decision if the evidence is susceptible to more than one rational interpretation and one of those interpretations supports the ALJ's decision. *See Burch v. Barnhart,* 400 F.3d 676 (9th Cir. 2005). In making their decision, the ALJ must address all material evidence in the record and clearly indicate what evidence was rejected and reasons for discounting that evidence. *Plummer v. Apfel,* 186 F.3d 422, 429 (3rd Cir. 1999). The ALJ must consider statements of "non-medical sources," including spouses, parents, and other relatives in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1513(d)(4); see also *Stout v. Comm'r,* 454 F.3d 1050, 1053 (9th Cir. 2006). Determining the credibility of lay witness testimony is a separate and exclusive process of analysis from that of the plaintiff's own testimony. It cannot be rejected merely because it is cumulative of the plaintiff's testimony

which was rejected. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The ALJ must give specific and germane reasons for rejecting third-party testimony. *Dodrill*, 12 F.3d at 919.

An ALJ's error in a disability decision is harmless only if it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Social Sec. Admin.*, 466 F. 3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)). In order to show harm and warrant a remand, Plaintiff bears the burden to demonstrate without operation of mandatory presumptions or application of rigid rules, that an error affected her substantial rights, not merely her procedural rights. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

Here, this court agrees with the Commissioner and finds that the ALJ's decision was supported by substantial evidence found in the record and that any errors were harmless. The ALJ reasonably evaluated Amy Casarez's statements regarding the plaintiff's limitations and the RFC sufficiently accounted for them. The ALJ provided sufficient specific and germane reasons explaining why the ALJ discounted and rejected the third-party statements made by the plaintiff's daughter Amie Casarez. Any errors by the ALJ in regards to misstating Ms. Casarez's statements were harmless because these misstatements were inconsequential to the ultimate *non* disability determination. Therefore, the Plaintiff has not met her burden of showing harmful error and remand is unwarranted.

## 2. **Plaintiff's Mental Impairments:**

The Plaintiff argues that the ALJ's decision was in error because the ALJ failed to find that the Plaintiff had severe mental impairments. [#14 at pp. 11-13 and #20 at p. 2]. Specifically, Plaintiff asserts that the ALJ was required to consider evidence that Plaintiff was diagnosed with

6 – OPINION AND ORDER

dysthymia and/or depression, and that the ALJ's failure to discuss this evidence at step two of the sequential evaluation process resulted in harmful error. [#14 at pp. 13-14].

The Commissioner argues that the Plaintiff did not produce sufficient evidence to prove that she had a medically determinable mental impairment, and that even if the ALJ erred by not discussing mental impairments at step two, the error would be harmless. [#19 at pp. 4-5].

At step two of the sequential evaluation process, the claimant bears the initial burden to prove the existence of an severe impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 404.1508; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985). An impairment or combination of impairments is only "severe" within the meaning of the regulations if the impairment(s) significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). An impairment is *not* severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521.

In this case, when the Plaintiff initially applied for disability, she did not claim any severe mental impairments, but her medical records do note that she had been prescribed antidepressant medications in the past that the plaintiff found helpful. (Tr. 237). With only signs of symptoms and without evidence or laboratory findings, Plaintiff did not meet her burden to show she had a medically determinable severe mental impairment. Further, the Plaintiff does not identify any evidence of functional limitations directly related to depression that could have impacted the ALJ's analysis. Since the evidence does not support the existence of any severe mental impairment, Plaintiff could not have been prejudiced at steps four or five because there were no mental limitations to assess in Plaintiff's RFC. (Tr. 18-23).

Therefore, this court agrees with the Commissioner and finds that the ALJ's decision in finding that the Plaintiff did *not* have severe mental impairments was supported by sufficient substantial evidence (or in this case lack thereof) found in the record.

### 3. Dr. Harmon's Opinion:

The Plaintiff argues that the Appeals Counsel erred by failing to consider the 1-page opinion letter of Dr. Harold Harmon (Tr. 289) submitted *after* Plaintiff's October 2011 ALJ hearing, as "new and material" evidence requiring a remand under 20 C.F.R. § 404.970(b). [#14 at pp. 14-16 and #20 at p. 2]. In this letter, Dr. Harmon opines that the Plaintiff's condition "meets Listing 14.09 for inflammatory arthritis, as she experiences numbness in her extremities and prolonged use of her joints causes increased inflammation and pain," and that her symptoms "are likely to increase if she is placed in a competitive work environment." (Tr. 289).

The Commissioner argues that Dr. Harmon's letter does not undermine the ALJ's decision. Even if it had been part of the record that the ALJ considered, it would not be enough to overcome the substantial contrary evidence cited by the ALJ supporting the ALJ's "*not disabled*" finding. [#19 at pp. 9-11]. Specifically, the ALJ cites the opinions of two other physicians, Dr. Stenstrom and Dr. Berner. (Tr. 20-21, 203-207, 227-31). The Commissioner also argues that the RFC conditions used by the ALJ already accommodate for Dr. Harmon's restriction from prolonged use of Plaintiff's hand joints, because it already "restricted Plaintiff to occasional bilateral handling and fingering." [#19 at p. 11].

This court again agrees with the Commissioner. Contrary to Plaintiff's asserstion, the Appeals Council *did* in fact accept and consider Dr. Harmon's letter and made it part of the

administrative record. (Tr. 4). This court agrees with the Commissioner and finds that the opinion of Dr. Harmon did not rise to the level of *new and material* evidence that would require a remand because similar evidence was already considered in the final decision of the Commissioner. Finally, even if the ALJ *had* considered Dr. Harmon's statement in his decision, it would *not* have compelled the ALJ to reach a different disability determination because the decision was already supported by substantial evidence in the record and sufficiently developed to support a finding of *not* disabled based on the application of proper legal standards.

## CONCLUSION

For these reasons, this Court finds that the Plaintiff did not meet her burden to show prejudicial error and the ALJ's findings that Plaintiff was not entitled to disability insurance benefits was based upon correct legal standards and supported by substantial evidence in the record. Therefore, the Commissioner's final decision is **AFFIRMED**.

IT IS SO ORDERED.


DATED this 27th day of March, 2015.


_____
Michael J. McShane
United States District Judge


9 – OPINION AND ORDER